1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GREGORY LEE GRAY,                          No.  2:24-cv-02108 SCR P

12              Plaintiff,

13        v.                                     ORDER AND FINDINGS AND
                                                 RECOMMENDATION
14   HOME DEPOT COMPANY, et al.,

15              Defendants.

16

17          Plaintiff, a county prisoner proceeding pro se, filed this civil rights action under 42 U.S.C.

18   § 1983.  Before the court are plaintiff's motions to proceed in forma pauperis (ECF Nos. 2, 8),

19   plaintiff's complaint for screening (ECF No. 1), and plaintiff's motions to appoint counsel (ECF

20   Nos. 9, 10).

21          Plaintiff has submitted the required declaration and certified copy of his trust fund account

22   statement for the six-month period immediately preceding the filing of the complaint.  See 28

23   U.S.C. § 1915(a).  Accordingly, the requests to proceed in forma pauperis will be granted.  The

24   court, however, finds plaintiff fails to state any claims for relief under 42 U.S.C. § 1983 and

25   recommends this case be dismissed without leave to amend.  The court further finds that plaintiff

26   has failed to show the exceptional circumstances necessary to warrant appointment of counsel.

27   **I.      Screening**

28          The court is required to screen complaints brought by prisoners seeking relief against a

                                                 1

1  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

2  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

3  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

4  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

5       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

6  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

7  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

8  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

9  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

10  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

11  Cir. 1989); Franklin, 745 F.2d at 1227.

12       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

13  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

14  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding,

15  467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v.

16  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

17  complaint under this standard, the court must accept as true the allegations of the complaint in

18  question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading

19  in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins

20  v. McKeithen, 395 U.S. 411, 421 (1969).

21  **II.     Factual Allegations of the Complaint**

22       Plaintiff's complaint names as defendants Alicia, Supervisor/Manager, Home Depot store

23  in Fairfield, CA; John Doe, Background Check Head Supervisor, Home Depot headquarters in

24  Atlanta, GA; and John Doe, CEO/Owner of Home Depot.  (ECF. No. 1 at 3.)  He alleges three

25  violations of 42 U.S.C. § 1983 against all defendants: (1) discrimination for wrongful termination,

26  violating his Fourteenth Amendment right to "equal opportunity to be employed"; (2) racial

27  discrimination by wrongful termination, violating his Fourteenth Amendment Right to "equal

28  opportunity to be employed"; and (3) retaliation for firing over a 25-year old prison conviction,

2

1    violating his First and Fourteenth rights to be employed.  (Id. at 3-5.)

2            Plaintiff alleges that on January 25, 2023, he was hired by the Home Depot store in

3    Fairfield as an overnight freight associate/night stocker at a rate of $21 an hour.  (ECF No. 1 at 2.)

4    He passed all of the hiring tests.  (Id.)  Emily, the store hiring manager, interviewed plaintiff and

5    questioned him about his background check.  Plaintiff "willfully and honestly" informed Emily

6    about his prior criminal conviction from 1997.  (Id.)  Plaintiff then alleges that the background

7    check personnel for Home Depot asked him what he accomplished in prison.  (Id.)  Plaintiff gave

8    them information about every certificate and rehabilitative group he completed in prison and

9    offered to email them paperwork from his phone.  (Id.)  The background check personnel told

10   plaintiff his criminal case was "too serious in nature" and terminated him on March 15, 2023.

11   (Id.)

12           Plaintiff further alleges that while working at Home Depot, he learned that employees of a

13   "different race" had more serious crimes and felonies than he did and still work there.  (ECF No.

14   1 at 4.)  Plaintiff states that because of the defendants' "adverse actions," he became unemployed,

15   homeless, started using drugs, and suffered "mental anguish."  (Id. at 5.)  He seeks $5,500,000.00

16   in damages.  (Id. at 6.)

17   **III.    Discussion**

18           A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights,

19   privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity,

20   including a municipality, acting under the color of state law.  42 U.S.C. § 1983.  To state a claim

21   under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law

22   (2) deprived plaintiff of rights secured by the Constitution or federal statutes.  Benavidez v.

23   County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

24           Generally, private parties are not acting under color of state law.  Price v. State of Hawaii,

25   939 F.2d 702, 707–08 (9th Cir. 1991).  In addressing whether a private party acts under color of

26   law, the court starts "with the presumption that private conduct does not constitute governmental

27   action."  Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999).  To

28   overcome the presumption, plaintiffs "must allege facts tending to show that [defendants] acted

3

1  under color of state law or authority."  DeGrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir.

2  2000).  The Ninth Circuit has further clarified that the requirements of Monell v. Dep't of Social

3  Services, 436 U.S. 585 at 691, 694 (1978), apply to suits against private entities under 42 U.S.C.

4  § 1983.  Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (9th Cir. 2012).  Thus, to make out a

5  claim against a private entity, plaintiffs must show: (1) the private entity acted under color of state

6  law, and (2) if a constitutional violation occurred, the violation was caused by an official policy

7  or custom of the private entity.  (See id.)

8         Plaintiff's complaint challenges the termination of his employment at Home Depot.  The

9  complaint, however, alleges no facts showing that any of the defendants – two private actors

10  (Alicia and John Doe) and a private entity (Home Depot) – were acting under color of state law

11  when they terminated his employment.  Moreover, plaintiff's complaint fails to adequately

12  connect any of the defendants to his injury.  Section 1983 requires that there be an actual

13  connection or link between the actions of the defendants and the deprivation alleged to have been

14  suffered by plaintiff.  See Monell, 436 U.S. at 694; Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

15  Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal

16  involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of

17  acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the

18  defendant] knew or reasonably should have known would cause others to inflict a constitutional

19  injury."  Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation

20  omitted).  The supporting facts contain no mention of defendants Alicia or John Doe and only

21  vaguely link "human resources background check personel [sic]" to his termination.  For

22  screening purposes, plaintiff has failed to state any claims for relief under 42 U.S.C. § 1983.

23         The court believes that these deficiencies cannot be cured by amendment.  See Sutton, 192

24  F.3d at 835 ("§ 1983 excludes from its reach merely private conduct, no matter how

25  discriminatory or wrong." (citing American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50

26  (1999))). Therefore, the court recommends that this action be dismissed without leave to amend.

27  Should plaintiff seek to file a new action, the court advises plaintiff to consult the pro se litigant

28  forms on the court's website for alternative legal theories:

4

1  https://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/representing-yourself-pro-se-

2  litigant/.

3      **IV.    Appointment of Counsel**

4          District courts lack authority under 28 U.S.C. §1915 to require counsel to represent

5  indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

6  (1989).  In exceptional circumstances, the court may request that an attorney voluntarily represent

7  such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

8  1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining

9  whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of

10  success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of

11  the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009)

12  (district court did not abuse discretion in declining to appoint counsel).  The burden of

13  demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most

14  prisoners, such as lack of legal education and limited law library access, do not establish

15  exceptional circumstances that warrant a request for voluntary assistance of counsel.

16          Plaintiff has requested appointment of counsel to help him "'correctly' 'serve'" the

17  defendants in this matter.  (ECF No. 9 at 1.)  He also requests counsel based on his limited

18  education and based on an unidentified disability.  (ECF No. 10 at 2.)  Any motion for

19  appointment of counsel is premature because the court has recommended that the complaint be

20  dismissed without leave to amend.  Moreover, on the current record, plaintiff has failed to show

21  exceptional circumstances warranting the appointment of counsel.

22      **V.    Conclusion**

23          Accordingly, IT IS ORDERED that:

24  1.  Plaintiff's motions to proceed in forma pauperis (ECF Nos. 2, 8) are granted;

25  2.  Plaintiff's motions for appointment of counsel (ECF Nos. 9, 10) are denied; and

26  3.  The Clerk of the Court shall randomly assign a district judge to this case.

27          Further, IT IS RECOMMENDED that the complaint be dismissed without leave to amend

28  for plaintiff's failure to state a claim for relief under 42 U.S.C. § 1983.

1    These findings and recommendations will be submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

3  after being served with these findings and recommendations, plaintiff may file written objections

4  with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

5  and Recommendations."  Plaintiff is advised that failure to file objections within the specified

6  time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951

7  F.2d 1153 (9th Cir. 1991).

8  DATED: February 5, 2025

9

10

11                    SEAN C. RIORDAN
                      UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28