1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LEE GRAY, | No.  24-cv-02108 SCR P |
| Plaintiff, | |
| v. | ORDER |
| HOME DEPOT COMPANY, et al., | |
| Defendants. | |

Plaintiff, a county prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983.  Before the court are plaintiff's third motion to appoint counsel (ECF No. 12) and motion for 90-day extension of time to obtain full names of defendants (ECF No. 13.)  For the reasons described below, both motions are denied.

On February 6, 2025, the undersigned issued findings and recommendations that plaintiff's complaint be dismissed without leave to amend for failure to state a claim upon which relief can be granted.  (ECF No. 11.)  The court directs plaintiff to that order for specific instructions on how file any written objections with the court regarding the recommendation of dismissal within twenty-one days (21) of being served with the findings and recommendations.

**MOTION TO APPOINT COUNSEL**

District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

1

1  (1989).  In exceptional circumstances, the court may request that an attorney voluntarily represent
2  such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.
3  1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional
4  circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and
5  the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal
6  issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v.
7  Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack
8  of legal education and limited law library access, do not establish exceptional circumstances that
9  would warrant a request for voluntary assistance of counsel.  Wood, 900 F.2d at 1335; Riley v.
10 Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018).

11      Again, on February 6, 2025, the undersigned issued findings and recommendations that
12 plaintiff's complaint be dismissed without leave to amend for failure to state a claim upon which
13 relief can be granted.  (ECF No. 11.)  In the same order, the undersigned denied plaintiff's
14 motions to appoint counsel (ECF Nos. 9 and 10) as premature considering the recommendation to
15 dismiss without prejudice and for failure to show exceptional circumstances.  (Id. at 5.)
16 Plaintiff's renewed, one-page motion here similarly lacks any showing of exceptional
17 circumstances or reasons why appointment is not premature and/or moot.  Accordingly, plaintiff's
18 motion is denied.

19                              **EXTENSION OF TIME**

20      Plaintiff seeks a 90-day extension of time to obtain the full names of defendants.  (ECF
21 No. 13.)  However, defendant is not currently under any obligation to produce other defendants'
22 true names.  The undersigned recommended that the complaint be dismissed not because plaintiff
23 named Doe defendants, but because he failed to allege facts that any of the defendants – two
24 private actors and a private entity – acted under color of state law.  (See ECF No. 11 at 3-4.)
25 Accordingly, plaintiff's motion for an extension of time is denied.

26                                  **CONCLUSION**

27      Accordingly, IT IS ORDERED that:
28      1. Plaintiff's motion to appoint counsel (ECF No. 12) is denied; and

2. Plaintiff's motion for a 90-day extension of time to obtain the full names of defendants (ECF No. 13) is denied.

The undersigned again directs plaintiff to its order dated February 6, 2025 (ECF No. 11), for instructions on how to submit written objections regarding that recommendation that plaintiff's complaint be dismissed without leave to amend for failure to state a claim upon which relief can be granted.

DATED: February 28, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE